## Campbell v. Grange

*William F. Fox*, for plaintiff.

*William P. Manning*, for defendant.

*Victor J. Roberts*, for additional defendants.

GROSHENS, J., December 30, 1960.—This action in assumpsit was instituted by plaintiff, a real estate broker, to recover a three percent sales commission for his services as a "cooperating broker" in producing a

buyer ready, willing and able to purchase property listed for sale with defendant, the exclusive sales agent for the owners, additional defendants. A third-party complaint against additional defendants has been filed by defendant.

Additional defendants have filed the present preliminary objections to their joinder and to the complaint filed against them. The preliminary objections are in the form of a "motion to strike" pursuant to Pa. R. C. P. 1017(b) (2) and a "demurrer" pursuant to Pa. R. C. P. 1017(b) (4). The motion to strike is predicated on the grounds that additional defendants are not solely liable, liable over or jointly and severally liable with defendant as required by Pa. R. C. P. 2252. The demurrer rests on the theory that the third-party complaint fails to state a cause of action against additional defendants.

Defendant, whom we shall refer to as agent, entered into an "Exclusive Sale Listing Agreement" with additional defendants, who we shall refer to as owners, for the sale of property of the owners. This agreement granted the agent the sole and exclusive right to sell the property of the owners. There are two pertinent paragraphs in this agreement, and we set them forth below:

"The Owner agrees to pay the Agent a commission of 6% of the gross sales price, when a sale or exchange of said property or portion thereof is effected by the Agent, Owner or by whomever the same may be made or effected during the term of this contract."

"It is understood and agreed that the Exclusive Agent named herein is a member of the Main Line Board of Realtors and will list this property with the Members of said Board through the facilities of the Board for such purpose, and in so doing agrees to divide the commission with the cooperating Broker in

event the cooperating Broker produces satisfactory buyer."

A reading of the first paragraph reveals that the parties intended to enter into an exclusive sale contract whereby the agent will be compensated if a sale takes place during the term of the contract even if he does not procure the buyer. The second paragraph does not alter the relationship established. It merely acknowledges that the agent will list the property with a board of realtors and that the commission will be divided by the agent with another broker if such broker produces a buyer. The owners do not obligate themselves to pay a cooperating broker, for the language explicitly provides that the agent will divide his commission with a cooperating broker in the event one participates in producing a buyer. There was no contractual relationship between owners and a cooperating broker and therefore such a broker would look to the agent for his compensation. We, therefore, characterize a cooperating broker under this agreement as a subagent. See McKnight v. Peoples-Pittsburgh Trust Company 360 Pa. 290, Brone's Estate, 27 Lehigh 443. Thus plaintiff, the cooperating broker, has properly brought suit against the agent. The agent is alone liable to the subagent.

"If the agent is paid for results accomplished, as is usual in the case of brokers and factors, the amount paid to, and the value of the services of, subagents, are immaterial": Restatement of Agency 2d §438, page 327.

Under such circumstances the agent has no right of indemnity against the owners and his remedy is a suit on his contract with owners: Restatement of Agency 2d §§458, 459, page 378; Sum. Pa. Jur. Agency, §108, page 104; McKnight v. Peoples-Pittsburgh Trust Co., 360 Pa. 290. Since the owners are

not liable to subagent and the agent is not entitled to indemnity, they are not properly joined as additional defendants under Pa. R. C. P. 2252. We, therefore, sustain the preliminary objections and dismiss the third-party complaint against additional defendants.

### Order

And now, December 30, 1960, the preliminary objections of additional defendants are sustained, the third-party complaint against them dismissed, and the joinder of additional defendants in this suit stricken off.